## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-20019-JAR-7 |
| MICHAEL MARKET, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Michael Market's pro se Motion for Sentence Reduction Pursuant to Amendment 821 to the United States Sentencing Guidelines (Doc. 191). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

## I.    Facts

On May 1, 2023, Defendant pled guilty to Count 1 of the Information, charging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, namely, conspiracy to distribute and possess with the intent to distribute methamphetamine.[1]

The Amended Presentence Investigation Report calculated a criminal history score of three, which established a criminal history category of II.[2] Defendant did not receive any status points because he did not commit the offense while under a criminal justice sentence.[3] Based on a criminal history category of II and a total offense level of 25, Defendant's guideline range was

---

[1] Doc. 111.

[2] *See* PSR, Doc. 151 ¶¶ 138–39.

[3] *See id.*

calculated at 63–78 months.[4]  On December 4, 2023, the Court sentenced Defendant to 32

months' imprisonment, after applying a variance under 18 U.S.C. § 3553(a).[5]

On September 25, 2024, Defendant filed the instant motion seeking a reduction in his

sentence.[6]

## II.    Standard

"A district court does not have inherent authority to modify a previously imposed

sentence; it may do so only pursuant to statutory authorization."[7]  Section 3582 allows for a

possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing

Commission."[8]

Additionally, the Sentencing Commission amended the United States Sentencing

Guidelines effective November 1, 2023.[9]  Part A of Amendment 821 limits the criminal history

impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline,

§ 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[10]  With

respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level

reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from
> Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4
> (Terrorism);

---

[4] *Id.* ¶ 167.

[5] Docs. 153, 154.

[6] Doc. 191.

[7] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[8] *See* 18 U.S.C. § 3582(c)(2).

[9] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[10] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[11]

## III.  Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 § 3582(c)(2). However, the government correctly argues that Amendment 821 provides Defendant no relief because Defendant did not receive any status points and is not a Zero-Point Offender.  As noted, Defendant did not receive any status points because he did not commit the offense while under a criminal justice sentence and he was assessed a criminal history score of three based on his prior criminal history.

Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant.  Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[12]

---

[11] *See* U.S.S.G. § 4C1.1(a).

[12] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Sentence Reduction Pursuant to Amendment 821 to the United States Sentencing Guidelines (Doc. 191) is **dismissed**.

**IT IS SO ORDERED.**

Dated: December 12, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE